Joseph P. Kuszynski, J.
This motion tests the extent to which the liberal provisions of the CPLR permit a complaint to be amended.
On June 22, 1968 the plaintiffs allegedly suffered personal injuries while riding as passengers in a motor vehicle owned and operated by the defendant Harris. When notified of its assured’s accident, the defendant Hartford Accident and Indemnity Company disclaimed coverage for Harris upon the ground that its policy of insurance had been terminated prior to the accident.
*1064 Plaintiffs thereupon commenced an action on November 24, 1969 against the Hartford Accident and Indemnity Company only for a declaratory judgment which would declare the interposed disclaimer to be “ improper and that plaintiffs are entitled to full protection under the terms of said policy of insurance ”.
On June 25, 1970 an order of this court sitting in Special Term was served upon the plaintiffs dismissing the complaint therein unless Robert Harris is joined as a party defendant in their suit for declaratory judgment. According to plaintiffs’ affidavit such service was finally made on November 3, 1970.
After the Statute of Limitations (CPLR 214, subd. 4) for negligence claims had expired without any action having been commenced by plaintiffs against Harris to recover for their personal injuries, the defendant Hartford Accident and Indemnity Company moved for summary judgment dismissing the declaratory judgment suit since the Statute of Limitations would thus be a complete defense in any action brought against Robert Harris. It contends the question of whether or not Harris is covered by the defendant’s policy “thus becomes purely academic and that continuation of the present action would serve no useful purpose”. It further contends that after the filing and the serving of the order of this court on June 25, 1970 dismissing the complaint unless the plaintiffs joined Robert Harris in the declaratory judgment action, nothing further was heard by its attorneys for over 16 months and that thereafter on October 29,1971, it brought on its motion to dismiss.
In answer to said motion for summary judgment the plaintiffs do not claim that an action in negligence in fact was commenced by them against Robert Harris but instead cross-move for leave to amend their complaint to include a cause of action against Harris for damages for personal injuries. More particularly, the plaintiffs seek to amend their ad damnum clause therein to recite a prayer “ for monetary relief for personal injuries - up to the policy limits if relief prayed for in items 1 and 2 be granted ”.
Even if this court were to grant plaintiffs’ cross motion to amend their complaint by adding a prayer ‘ ‘ for monetary relief for the personal injuries ” the complaint would still fall short of alleging an action in negligence as it lacks any allegation of negligence on part of Robert Harris and freedom from contributory negligence on part of the plaintiffs.
*1065 An attempt to consolidate was denied in General Acc. Fire & Life Assur. Corp. v. Green (115 N. Y. S. 2d 879, 881) “ since the issues of law involved in this action for a declaratory judgment and the negligence action are entirely different”. (See, also, Trybus v. Nipark Realty Corp., 26 A D 2d 563.)
It is the judgment of this court that CPLR 3025 and 3026 which provide for a liberal amending of the pleadings were not intended to be used for purposes of resurrecting an action outlawed by the Statute of Limitations.
Plaintiffs ’ cross motion to amend the complaint is denied and defendant’s motion for summary judgment dismissing the complaint is granted.